IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RANDY DEWAYNE PITTMAN, et al.**                                    **PLAINTIFFS**

**v.**                                              **CAUSE NO. 1:22-cv-00251-LG-BWR**

**CITY OF WAVELAND, MISSISSIPPI, et al.**                          **DEFENDANTS**

### ORDER DISMISSING CAUSE WITHOUT PREJUDICE AND SEVERING CAUSE INTO TWO SEPARATE ACTIONS

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiffs Randy Dewayne Pittman and Rachel Powell bring this joint Complaint under 42 U.S.C. § 1983 against Defendants the City of Waveland, Mississippi, and Municipal Court Judge John Doe. (Compl., at 1-2, ECF No. 1). Having reviewed and liberally construed the pleadings, and in consideration with the applicable law, the Court finds that Plaintiffs must proceed in separate civil actions for at least three reasons.

First, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, *et seq.*, militates against multi-plaintiff prisoner complaints.[1] For example, prisoner plaintiffs who have, on three or more prior occasions, brought complaints that are dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted cannot proceed *in forma pauperis* without showing that they are

---

[1] Based on the pleadings, and taking their contents as true, the Court assumes without deciding that Plaintiffs are subject to the PLRA's requirements because both are incarcerated. Pittman is incarcerated at in the Santa Rita Jail in Dublin, California, and Powell is "in [a] halfway house." (Compl., at 2-4, ECF No. 1; Mot., at 5, ECF No. 2); *see also Jackson v. Johnson*, 475 F.3d 261, 266-67 (5th Cir. 2007) (holding that the PLRA applies to people residing in a halfway house as a condition of parole from a criminal conviction).

"under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In cases of multi-plaintiff prisoner complaints, the Court may find itself with one plaintiff barred by this "three-strikes rule," while another plaintiff is unaffected.

Second, and related, multi-plaintiff prisoner complaints present many "impracticalities and inherent difficulties" not found in other civil actions. *See Beaird v. Lappin*, No. 3:06-cv-0967-L, 2006 WL 2051034, at *4 (N.D. Tex. July 24, 2006). "These impracticalities include, without limitation, inmate transfers, security, the need for each individual Plaintiff to represent himself with regard to his claims, the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated, the possibilities of coercion by prisoners, or that prisoners may seek to compel prison authorities to permit them to gather to discuss joint litigation." *Id*. These administrative difficulties are already apparent in this case, as only one Plaintiff signed the Motion for Leave to Proceed *in forma pauperis*. (Mot., at 1, ECF No. 2).

Finally, "like all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of their personal rights." *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986). Comingling the various claims of multiple plaintiffs makes it difficult for the Court to discern how the alleged constitutional violation affected each Plaintiff. Meritorious claims may be obscured by the frivolous.

With these concerns in mind, and with the objective of achieving judicial economy and maintaining efficient control of its docket, the Court finds it

appropriate to dismiss this cause without prejudice and sever it into individual actions—one for each named Plaintiff. The Clerk of Court will be directed to assign a new case number to each named Plaintiff. Upon assignment of individual case numbers and the creation of individual files, the Court will enter further orders in each case upon conducting its review under 28 U.S.C. § 1915. If the Court finds that common questions of law or fact exist in the separate cases, the Court may then order those cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a).

**IT IS THEREFORE ORDERED AND ADJUDGED:**

(1)    That this civil action is **DISMISSED WITHOUT PREJUDICE**.

(2)    That this civil action shall be severed into two individual actions, one for each named Plaintiff, and shall be stamped filed as of the date of this Order, which will be for administrative purposes only.

(3)    That the Clerk of Court is directed to assign individual civil action numbers to each of the severed cases.

(4)    That the Clerk of Court is directed to place a copy of this Order, [1] Pittman's Complaint, and Pittman's [2] Motion for Leave to Proceed *in forma pauperis* in the newly created civil action designated for him.

(5)    That the Clerk of Court is directed to place a copy of this Order and Powell's [1] Complaint in the newly created civil action designated for her.

(6)    That the Clerk of Court notify each Plaintiff of his or her newly created individual civil action number.

(6) That all pending motions are moot because of the dismissal of this case and are therefore **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 17th day of October, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE